UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN P. TROWBRIDGE | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-1850 |
| | § | |
| INTERNAL REVENUE SERVICE | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM & ORDER

Petitioner John P. Trowbridge has petitioned to quash an Internal Revenue Service ("IRS") Summons ("the Petition"). (Doc. No. 1.) The IRS, as Respondent, has in turn moved to dismiss on the grounds that this Court lacks subject matter jurisdiction to entertain the petition. (Doc. No. 3.) After considering the Motion, all responses and replies, and the applicable law, the Court concludes that Respondent's motion should be **GRANTED**.

### I.   BACKGROUND

All of the relevant background information can be gleaned from the Summons that Petitioner seeks to quash. (*See* Doc. No. 1-2 at 2.) On May 30, 2013, Respondent served Brittany Schoppe, one of Petitioner's employees,[1] with a Summons, requiring her to "appear before James Ashton, an officer of the Internal Revenue Service, to give testimony and to bring with [her] and to produce for examination" certain "books records, papers, and other data." (*Id.*) Specifically, Schoppe was asked to produce "[r]ecords and testimony regarding payments to [her] by check and/or cash during the timeframe starting January 1, 2012 and ending on the date of full compliance with this summons FROM Dr. John Trowbridge, 'Life Celebrating Health",

---

[1] Whereas the IRS asserts that Schoppe was Trowbridge's employee (Doc. No. 3 at 2), Trowbridge would label her a "private independent contractor," (Doc. No. 15 at 1). For reasons set forth below, the Court need not resolve this particular disagreement.

"LCH-01" and/or any other entity operating the medical office located at 9816 Memorial Blvd. Ste. 205, Humble, TX 77338." (*Id.*) The Summons noted that it "is used in the aid of collection of tax assessments and is exempt from the notice requirements by section 7609(c)(2)(D) of the Internal Revenue Code." (*Id.*) Schoppe was asked to appear with the responsive documents on June 27, 2013. Affixed to the Summons — according to the collection of documents submitted to the Court by Petitioner — was an attachment stating that the Summons was issued "In the matter of: John Trowbridge" and concerned annual periods ending Dec. 31, 1993, 1994, 1995, 1996, and 1997. (*Id.* at 4.)

With the date upon which Schoppe was supposed to appear fast approaching, Petitioner filed this petition to quash on June 25, 2013. (Doc. No. 1 at 1.) The IRS then moved to dismiss the Petition. (Doc. No. 3.) The Court held a hearing on the Petition and on the IRS's motion on October 28, 2013, and granted Petitioner's request to file a post-hearing brief. (*See* Doc. Nos. 16, 18)

## II.   LEGAL STANDARD

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 101 (5th Cir. 1998). A finding that the court lacks subject matter jurisdiction may be based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). Importantly, the burden of proof for a Rule 12(b)(1) motion to dismiss

is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## III. ANALYSIS

The IRS is granted wide latitude to issue summonses. *See* 26 U.S.C. § 7602. "Section 7602 of the Internal Revenue Code authorizes the IRS to summon an individual or third party to testify and produce documents relevant to an inquiry regarding tax liability." *United States v. Battle*, 213 F. App'x 307, 309 (5th Cir. 2007). With respect to third-party summonses, § 7609 typically requires that notice be provided to the subject of the IRS inquiry. "Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." 26 U.S.C. § 7609(a). Section 7609(b) further provides that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons." *Id.* § 7609(b)(2)(a). But, § 7609(c)(2) creates certain exceptions from the notice — and, accordingly, intervention — provisions. One such exception obtains when the summons is served on an employee of whomever's tax liability is the subject of the IRS inquiry. *Id.* § 7609(c)(2)(A). Another exception applies when the summons is "issued in aid of the collection of" "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i).

Thus, both because it asserts that Schoppe was Petitioner's employee and because "[t]he summons was issued in aid of the collection of tax liabilities assessed against Trowbridge," the IRS contends that Petitioner was not entitled to notice and therefore cannot move to quash the Summons. (*See* Doc. No. 3 at 2.) The IRS relies principally upon *Barmes v. United States*, 199 F.3d 386 (7th Cir. 1999) and *Viewtech, Inc. v. United States*, 653 F.3d 1102 (9th Cir. 2011) in

3

support of its position. Both cases pertain to the notice exception under § 7609(c)(2)(D)(i) — the exception for collecting liabilities — and both seem decidedly to foreclose Petitioner's suit.

In *Barmes*, the Seventh Circuit "beg[a]n with the fundamental premise that the United States cannot be sued unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity." 199 F.3d at 388 (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). The court explained that "[a]n action to quash an IRS summons is a suit against the United States." *Id.* Plaintiffs "argue[d] that § 7609 g[a]ve[] them the right to petition to quash the summons served on Community Bank." *Id.* But, the court noted that, while "[a]s a general rule, § 7609 requires the IRS to serve anyone whose financial records are sought in a third-party summons with a notice copy of the summons," "[o]ne of the exceptions to the general rule is that notice is not required when a third-party summons is 'issued in the aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued.'" *Id.* (quoting 29 U.S.C. § 7609(c)(2)(D)). The court stated matter-of-factly that "if notice is not mandated, neither is a petition to quash authorized." *Id.* (citing I.R.C. § 7609(b)(2)(A)). The key dispute, then, was over whether the party served "fits within the 'aid of the collection of an assessment' exception." *Id.* Rejecting Barmes's argument that the exception did not apply because collecting tax liability was not the IRS's only aim, the court held that "as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies." *Id.* at 390.[2]

---

[2] The Fifth Circuit has at least once embraced the holding of *Barmes*. *See Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) ("Courts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity." (citing *Barmes*)); *see also Tilley v. United States*, CIV.A.3:03CV769-D, 2003 WL 21361566 (N.D. Tex. June 10, 2003) ("In light of *Barmes,* the court finds that the third-party summons issued to First Horizon was arguably designed to assist the IRS in the collection of the Petitioner's outstanding tax liability. As such, it is clear that the Petitioner may not be heard to complain about the IRS' failure to follow the prescriptions of Section 7609, because the same are inapplicable to the third-party summons issued in Petitioner's case."), *on reconsideration,* 3-03-CV-769-D, 2004 WL 1638080 (N.D. Tex. Feb. 24,

The IRS also cites *Viewtech, Inc. v. United States*, 653 F.3d 1102 (9th Cir. 2011) in support of its motion. In relevant respects, that case is on all fours with this one. There, Jung Kwak was assessed $3 million in taxes; in order to collect those taxes, the IRS summonsed bank records from Wells Fargo pertaining to Viewtech, a company that Kwak owned. *Id.* at 1103. Viewtech and Kwak moved to quash the summons and the government moved to dismiss for lack of standing. *Id.* Because Kwak was the individual from whom the government was trying to collect taxes, the Ninth Circuit held that its "inquiry is straightforward as to Kwak. He is the assessed taxpayer, and therefore is disqualified from notice under § 7609(c)(2)(D)(i)." *Id.* at 1106. That appears to be true here, too.

Petitioner has shown the Court nothing that would suggest that the Summons issued to Schoppe was not, as the IRS claims it was, issued in aid of collection. As such, § 7609 dictates that Petitioner was not entitled to any notice, and *Barmes* and *Viewtech* make abundantly clear that, as a result, he was not authorized to bring this petition. Petitioner's arguments to the contrary, while wide-ranging, are unavailing.

Petitioners contests whether Schoppe was in fact his employee — or, at least, whether the IRS had established as much — but because the IRS can rely on the § 7609(c)(2)(D)(i) notice exception carved out for summonses issued in aid of collection, Schoppe's status as an employee is immaterial. (*See* Doc. No. 15 at 6.) Petitioner also focuses upon what he perceives to be a categorical failure to provide due process by the IRS. (*See id.* at 12; Doc. No. 18 at 18-19.) He argues that cases such as *Matthews v. Eldridge* guarantee him procedural due process and mandate that "some form of hearing is required before an individual is finally deprived of a property interest." 424 U.S. 319, 333 (1976). In the same vein, he cites *Goldberg v. Kelly*, 397

---

2004) *report and recommendation adopted,* CIV.A. 303CV0769-D, 2004 WL 764981 (N.D. Tex. Apr. 8, 2004) *aff'd,* 124 F. App'x 277 (5th Cir. 2005).

5

U.S. 254 (1970) for the proposition that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Id.* at 267 (citation omitted). Petitioner is undoubtedly right at the highest level of generality that he is entitled to due process before the government stakes claim to his property. If Petitioner would like to challenge the IRS's decision to levy taxes against him, or the Agency's means of collecting those taxes, this Court does not wish to stand in his way. But petitioning to quash a summons is simply not the proper procedure for doing so.

Petitioner asserts that the Administrative Procedures Act may grant him authority to bring this action. (*See* Doc. No. 18 at 20). The United States counters that it has not waived sovereign immunity to face such a suit. (Doc. No. 3 at 4.) The text of the APA itself forestalls Petitioner's argument. The Act expressly notes that it does not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Here, § 7609 does just that. At least one other court held the same in a substantially similar situation:

> [The Plaintiff] Justin first challenges the United States' issuance of administrative summonses to third parties to obtain his financial records under the APA. The United States argues that this court does not have jurisdiction over Justin's challenge because its sovereign immunity has not been waived for APA suits challenging an administrative summons. Instead, the United States argues that sovereign immunity is waived, permitting suits to challenge administrative summonses, pursuant to 26 U.S.C. § 7609.

*Justin v. United States*, 607 F. Supp. 2d 73, 75 (D.D.C. 2009). That court held, quite succinctly, that "[t]he United States is correct." *Id.* So too here. The APA does not give Petitioner a right to bring an action in contravention of another statute that precludes doing so. *See also Johnson v. United States*, CIV. A-83-CA-472, 1984 WL 297, at *2 (W.D. Tex. Jan. 27, 1984) ("The Administrative Procedure Act . . . is not applicable to summons issued pursuant to 26 U.S.C. §§ 7602, 7609. Only those administrative steps required by the Internal Revenue Code must be followed.").

## IV. CONCLUSION

As the Court expressed at the October 28, 2013 hearing, it is sympathetic to Petitioner's basic complaint that the federal government has done him an injustice and offered him no opportunity to be heard about it. But those sympathies alone do not afford the Court the power to act. For that, it must look to Congress, and in situations such as this one, the legislative branch has made quite clear that this Court is without subject matter jurisdiction. Without expressing a view as to whether Petitioner can challenge the IRS's actions in some other sort of action, it must **GRANT** the IRS's Motion to Dismiss.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 12th day of November, 2013.

*[signature]*

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**